FILED
06/29/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 26, 2018

## STATE OF TENNESSEE v. NICHOLAS J. ALBERTS

**Appeal from the Criminal Court for Knox County**
**Nos. 100299, 101109, 106659      Steven Wayne Sword, Judge**

_____

### No. E2018-00117-CCA-R3-CD

_____

The Defendant, Nicholas J. Alberts, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure. Following our review, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Nicholas J. Alberts, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; and Charme Allen, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In case number 106659, the Defendant entered a guilty plea to three counts of possession of a Schedule II drug with intent to sell, one count of being a felon in possession of a firearm, and one count of misdemeanor theft. The Defendant received a sentence of eleven months and twenty-nine days for the misdemeanor theft conviction and sentences of twelve years for each of the remaining felonies. All of the sentences were ordered to run concurrently with one another and with the sentences in case numbers 100299 and 101109. Only the judgments for case number 106659 are included in the record on appeal. These judgments show that the Defendant was awarded pretrial

jail credits for the following periods: January 26, 2015, through March 9, 2015; June 2, 2015, through December 17, 2015; May 10, 2016, through May 20, 2016; and December 15, 2016, through February 1, 2017.

On November 9, 2017, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, in which he asserted that his sentence was illegal because he was not awarded the proper pretrial jail credits. He specifically asserts that he was in continuous confinement from January 26, 2015, through February 1, 2017.

On November 21, 2017, the trial court denied the Rule 36.1 motion, noting that the Defendant had received the jail credits to which he was entitled. The Defendant appeals.

## ANALYSIS

On appeal, the Defendant explains that the trial court only gave him credit for the time he spent at the Knox County Jail, yet he claims he was incarcerated at the Tennessee Department of Correction during the intermittent times between the dates for which he was awarded credit. The State responds that the failure to award pretrial jail credits is not a colorable claim under Rule 36.1. We agree with the State.

Rule 36.1 allows a defendant or the State to seek to correct an unexpired illegal sentence. *See* Tenn. R. Crim. P. 36.1(a)(1); *State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). A sentence is illegal when it "is not authorized by the applicable statutes or … directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). A defendant is only entitled to a hearing and the appointment of counsel if his motion states a colorable claim for relief under Rule 36.1. Tenn. R. Crim. P. 36.1(b). A colorable claim is one that, "if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

The Defendant's sole assertion is that the trial court failed to award him the proper pretrial jail credits, thus rendering his sentence illegal. However, our supreme court has held that the failure to award pretrial jail credits does not alter a sentence in any way, and thus cannot establish a colorable claim under Rule 36.1. *Brown*, 479 S.W.3d at 212-13. Accordingly, the trial court did not err in denying the Defendant's motion.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate

against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE